**FILED**

June 06, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____Julie Golden_____

DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| MAGNOLIA PEARL, LLC AND<br>MAGNOLIA PEARL TEXAS LLC | § <br> § <br> § | |
| **Plaintiffs,** | § <br> § | |
| v. | § <br> § | **CIVIL ACTION NO.  1:24-CV-1098-RP** |
| APT DESIGNS INC. D/B/A THE PAPER<br>LACE, | § <br> § <br> § | |
| **Defendant.** | | |

### STIPULATED PROTECTIVE ORDER

Plaintiffs Magnolia Pearl, LLC and Magnolia Pearl Texas LLC (collectively "Magnolia Pearl") and Defendant APT Design Inc. d/b/a The Paper Lace ("Defendants"), by their counsel, hereby stipulate as follows:

1.      This Stipulated Protective Order ("Order") shall apply to all confidential information, documents, electronically stored information, things, exhibits, discovery responses, and testimony (collectively, "Materials") produced or disclosed in this litigation.

2.      Any party or nonparty may designate as "CONFIDENTIAL" all or any part of any Materials. The designation of Materials as "CONFIDENTIAL" shall be made only after a *bona fide* determination made in good faith that the Materials contain, reveal, discuss, evidence, or constitute confidential business or proprietary information, including, but not limited to, research and development, financial information, and confidential agreements, or information of a personal or intimate nature regarding any individual, including but not limited to medical or psychiatric information.

PD.46767138.1

3.     Any party or nonparty may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" all or any part of any Materials that meets the standard described herein. The designation of Materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall constitute a representation to the Court that the party or nonparty making the designation believes in good faith that the Materials so designated are entitled to protection from disclosure and contain, reveal, discuss, evidence, or constitute information subject to other confidentiality agreements entered into by the party or nonparty making the designation; trade secrets; highly sensitive business or proprietary information, including, but not limited to, financial or competitive information; source code; or information the party or nonparty making the designation is restricted from disclosing by statute, regulation, or other source of law.

4.     The designation of Materials shall be made by placing or affixing on the Materials, in a manner that will not interfere with the Materials' legibility, the word "CONFIDENTIAL" or the words "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." This word or these words shall be placed such that they are not superimposed or watermarked over any document text. The designation shall be made prior to, or contemporaneously with, production or disclosure of the Materials. By written stipulation, the parties may agree temporarily to designate original documents that are produced for inspection "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as required under this Order and, thereafter, the copies shall be subject to protection under this Order in accordance with their designation. The

designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order.

When a tangible object is produced for inspection, subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Thereafter, any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation.

When electronically stored information that cannot be marked with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is produced, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation.

5.      Any deposition or other testimony, or a portion thereof, may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by any one of the following means:

(a)      by stating orally on the record of a deposition or other proceeding that certain information or testimony is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or that the entire transcript is so designated. Whenever any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is to be discussed or disclosed in a deposition or other proceeding, persons who are not entitled to receive such information under this Order shall be excluded from the room; or

PD.46767138.1

(b)     by sending written notice within fifteen (15) business days of receipt of the transcript of the deposition or other proceeding designating all or a portion of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." However, all oral testimony, regardless of whether a designation was made on the record, shall be treated as "CONFIDENTIAL" until thirty (30) days after the transcript of the deposition has been received by the party whose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Materials are involved.

6.     Each party retains the right to subsequently redesignate Materials and to require such Materials to be treated in accord with such redesignation from the date of the redesignation forward.

7.     The scope of this Order encompasses Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as well as any information in such Materials, any excerpts, descriptions, or summaries of such Materials, and any testimony, written or oral, related to such Materials.

8.     Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order shall be used solely for the prosecution or defense of the claims or counterclaims in this action. Designated Materials shall not be used for any business, commercial, competitive, personal, or other purpose.

9.     Counsel for the parties shall not disclose or permit the disclosure of any Materials designated as "CONFIDENTIAL" under this Order to any other person or entity, except in the following circumstances:

(a)     Disclosure may be made to employees of counsel for each party who have direct functional responsibility for assisting in this litigation. Any employee to whom

PD.46767138.1

disclosure is made shall be advised of, shall become subject to, and shall agree in advance to, the provisions of this Order requiring that the Materials be held in confidence.

(b)     Disclosure may be made to consultants or experts (hereinafter, "expert") employed by any party or its counsel to assist in this litigation. Prior to disclosure to any expert, the expert must agree to be bound by the terms of this Stipulated Protective Order by executing the Confidentiality Agreement annexed hereto as Exhibit "A."

(c)     Disclosure may be made to a party's employees, former employees, and directors to the extent required for assisting in this litigation. Any person to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance to, the provisions of this Order requiring that the Materials be held in confidence.

(d)     Disclosure may be made to any other person as to whom the parties in writing agree.

10.     Counsel for the parties shall not disclose or permit the disclosure of any Materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order to any other person or entity, except those identified in paragraphs 9(a) and 9(b), without preapproval from the other party, which shall not be unreasonably withheld. Counsel for parties wishing to disclose Materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall provide written notice, including a copy of the Materials to be disclosed, to other party's counsel, who shall have ten (10) business days to object to such disclosure and provide a mutually agreeable redacted version of such Materials.

11.     Counsel for the parties shall keep all Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that are received under this Order within its exclusive possession and control, except as provided in, respectively, paragraphs 9 and 10, above, and shall keep such Materials in a secure facility or storage medium.

12.    Other than the parties' counsel, employees, and experts, any non-party having access to Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order shall not make copies, extracts, summaries, or descriptions of the Materials or any portion thereof.

13.    Any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is subject to challenge by any party or non-party with standing to object. Before filing any motions or objections to a designation for protection under this Order with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. No motion may be filed for five (5) calendar days after an initial meet and confer in order to allow time for the parties to reach an agreement. If agreement is reached confirming or waiving the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation as to any Materials subject to the objection, the designating party shall serve on all parties a notice specifying the Materials and the nature of the agreement. Materials claimed to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that are subject to a dispute as to whether they are in fact confidential shall, until further order of the Court, be treated as designated by the parties in accordance with the provisions of this Order.

14.    If, during trial or in connection with any motion or other proceeding, any party intends to offer into evidence or as exhibits any Materials that reveal or may tend to reveal information claimed to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" counsel for each party shall either (a) make arrangements with counsel for the adverse party for the handling of such information or (b) if the parties cannot agree on such arrangements, submit such evidence to the Court in accordance with any applicable rules or orders of the Court.

PD.46767138.1

15.     Upon final termination of this action, whether by judgment, settlement or otherwise, counsel for each party shall either destroy, or assemble and return to counsel for the party or nonparty who produced the Materials, all Materials in their possession or subject to their control (including, but not limited to, Materials furnished to experts) that were designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Counsel can keep one archival copy of pleadings, briefs, evidence, depositions, transcripts, document productions, discovery responses, and expert reports containing the Materials or portions thereof, subject to the provisions of paragraph 8. In the event counsel for a party elects to destroy all or a portion of such Materials, counsel for that party shall certify in writing that such Materials have been destroyed, except the archival copy. The terms of this paragraph shall apply to any and all copies, excerpts, summaries or descriptions made of, concerning, revealing, evidencing, or demonstrating Materials designated to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

16.     When the inadvertent or mistaken disclosure of any Materials protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such Materials shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). When the inadvertent or mistaken disclosure of any Materials protected by privilege or work-product immunity is suspected by the receiving party, the receiving party shall notify the producing party of such discovery.  The suspected Materials shall be treated as privileged for five (5) business days after notification or until the producing party confirms in writing the disclosure was not inadvertent or mistaken. If the producing party confirms a claim of privilege or immunity as to the suspected Materials, treatment of such Materials shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). The inadvertent or mistaken disclosure of claimed privileged or immune Materials shall not by itself constitute a waiver by the

- 7 -

producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege or immunity if appropriate within a reasonable time after receiving notice of an inadvertent or mistaken disclosure.

17.     A receiving party's acceptance of the Materials by a producing party shall not constitute an admission, or create an inference, that the Materials are in fact confidential within the meaning of Federal Rule of Civil Procedure 26(c)(G).

18.     Nothing in this Order shall bar or otherwise restrict a party's counsel from rendering advice to the party with respect to this litigation and, in the course thereof, referring to or relying upon the counsel's examination of Materials. In rendering such advice and otherwise communicating with such party, counsel shall not disclose any Materials or portions thereof, or any extracts, summaries, or descriptions thereof, if such disclosure would be contrary to the provisions of this Order.

19.     The provisions of this Order shall be applicable to any third party who produces Materials that the third party designates as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order.

20.     The provisions of this Order shall survive and remain in full force and effect after the termination of this litigation (including any appeals) unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

21.     Nothing in this Order shall prejudice the right of any party to oppose production of any Materials for lack of relevance, privilege, or any ground other than confidentiality.

22.     The parties shall be bound by the terms of this Order pending its entry by the Court or pending the entry of an alternative order. Any violation of the terms of this Order pending its

PD.46767138.1

entry shall be subject to the same sanctions and penalties as if the Order had been entered by the Court.

      **SO ORDERED**, this the __6th_____ day of ___June_____, 2025.

                                 _____
                                 UNITED STATES DISTRICT JUDGE

PD.46767138.1

**STIPULATED AND CONSENTED TO
BY THE PARTIES THROUGH THEIR
UNDERSIGNED COUNSEL:**

*/s/ Claudine G. Jackson*
Claudine G. Jackson
Texas State Bar No.: 00793800
PHELPS DUNBAR LLP
201 Main Street, Suite 1350
Fort Worth, Texas 76102
Telephone: 817 386 1166
Facsimile: 817 386 1170
Email: claudine.jackson@phelps.com

*/s/Andrew W. Coffman*
Andrew W. Coffman, *admitted pro hac vice*
MS Bar No. 106207
PHELPS DUNBAR LLP
105 East Main Street, Suite 201
Tupelo, MS 38804
Telephone: 662-842-7907
Telecopier: 662-842-3873
Email: andrew.coffman@phelps.com

**ATTORNEYS FOR PLAINTIFFS MAGNOLIA
PEARL, LLC; AND MAGNOLIA PEARL TEXAS, LLC**

*/s/Daniel H. Byrne*
Daniel H. Byrne
Dale L. Roberts
FRITZ BYRNE PLLC
402 West 7th Street
Austin, TX 78701
Email: dbyrne@fritzbyrne.law
Email: droberts@fritzbyrne.law

*/s/Renee Morgan*
Devin B. Phillips, *admitted pro hac vice*
Renee Morgan, *admitted pro hac vice*
WEENER NATHAN PHILLIPS LLP
5887 Glenridge Drive, Suite 275
Atlanta, GA 30328
Email: dphillips@wnpllp.com
Email: rmorgan@wnpllp.com

**ATTORNEYS FOR APT DESIGNS INC.
D/B/A THE PAPER LACE**

PD.46767138.1